IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THE BAPTIST COLLEGE OF
FLORIDA, INC.

      Plaintiff,

v.                                     CASE NO.: 5:22-cv-00158-MW-MJF

CHURCH MUTUAL INSURANCE
COMPANY, S.I.

      Defendant.
_____/

**<u>CHURCH MUTUAL INSURANCE COMPANY, S.I.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant, Church Mutual Insurance Company S.I., ("Church Mutual"), by and through its undersigned counsel, hereby responds to each correspondingly numbered paragraph of Plaintiff, The Baptist College of Florida, Inc.'s Complaint (Doc 7-2) as follows:

**<u>JURISDICTION AND VENUE</u>**

    1.    Admitted for jurisdictional purposes only; otherwise, denied.

    2.    Admitted for jurisdictional purposes only; otherwise, denied.

    3.    Admitted for venue purposes only; otherwise denied.

**<u>PROPERTY AND PARTIES</u>**

    4.    Admitted.

5. Admitted.

## FACTUAL ALLEGATIONS

6. Admitted.

7. The Policy speaks for itself; otherwise denied.

8. Denied as phrased.

9. Admitted only that Plaintiff reported the damage to Church Mutual.

10. Admitted only that Plaintiff has provided proofs of loss to Church Mutual before entry to the appraisal award.

11. Admitted only that Plaintiff has provided documentation to Church Mutual.

12. Admitted.

13. Denied as phrased.

14. Without knowledge; therefore, denied.

15. Without knowledge; therefore, denied.

16. The document speaks for itself; otherwise, denied.

17. Denied.

18. Denied, including all subparts.

19. Without knowledge; therefore, denied.

20. The document speaks for itself; otherwise, denied.

21. Admitted.

22. Admitted.

23. The document speaks for itself; otherwise, denied.

24. Admitted.

25. Admitted.

26. Denied.

27. Admitted that Baptist College responded to Church Mutual's Motion acknowledging that an incorrect price list was used; otherwise, denied as phrased.

28. The document speaks for itself; otherwise, denied.

29. Denied.

## COUNT I
## BREACH OF CONTRACT

30. Church Mutual re-adopts and re-alleges its answers to Paragraphs 1 through 29 as though set forth herein.

31. The Policy speaks for itself; otherwise, denied.

32. Admitted.

33. Admitted.

34. Admitted.

3

35. Admitted only that payments have been made; otherwise, denied.

36. Denied.

37. Denied.

38. Without knowledge; therefore, denied.

To the extent a response is required, Church Mutual denies any allegation contained in Plaintiff's unnumbered "WHEREFORE" paragraph.

## COUNT II
## BAD FAITH

1. Church Mutual re-adopts and re-alleges its answers to Paragraphs 1-28 as though set forth herein[1].

2. Denied as calling for a legal conclusion.

3. Denied.

4. Admitted.

5. Denied.

6. Admitted only that Plaintiff filed a second civil remedy notice on July 7, 2022.

---

[1] Plaintiff's Complaint resumes numbering at Paragraph 1 after Paragraph 38. Church Mutual has followed Plaintiff's numbering for clarity.

7.   Admitted.

8.   Denied.

9.   Denied.

To the extent a response is required, Church Mutual denies any allegation contained in Plaintiff's unnumbered "WHEREFORE" paragraph.

## GENERAL DENIAL

Any allegation not specifically admitted is denied and Church Mutual demands strict proof thereof.

WHEREFORE, Defendant, Church Mutual Insurance Company, S.I. demands judgment in its favor, and its attorneys' fees and costs incurred in the defense of this matter, and such further relief deemed appropriate and just.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

The rights and obligations of Church Mutual and Plaintiff are defined and limited by the terms, exclusions, conditions, and other

provisions of the Policy. The terms, exclusions, conditions, and other provisions of the Policy cannot be entirely itemized as affirmative defenses but are incorporated by reference herein.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent any damage was not caused by, or resulted from, a covered cause of loss.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent any element of the loss is excluded from coverage under the Policy.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, in that Church Mutual either fully performed or substantially performed as required under the Policy.

### SIXTH DEFENSE

The Policy Property Conditions Form A 100 (01-01) provides:

**C. LOSS CONDITIONS**

***

3. Duties in the Event of Loss or Damage.

   a. You must see that the following are done in the event of loss or damage to Covered Property:

[***]

    (4) Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

Plaintiff's claims are barred to the extent it has failed to comply with its duties in the event of a loss including to take reasonable steps to protect the covered property following the loss, any subsequent loss, or damage to Plaintiff's property resulting from a cause of loss that is not a covered cause of loss under the Policy.

## SEVENTH DEFENSE

The Policy provides for Replacement Cost coverage. The Policy's Valuation Provision included in the Property Conditions Form A 100 (01-01) provides, in pertinent part, that:

    7. Valuation.

        a. Replacement Cost. If Replacement Cost is shown in the Declarations Page as applicable to Covered

7

Property, we will determine the value of Covered Property in the event of loss or damage as follows:

(1) At Replacement Cost (without deduction for depreciation) as of the time of loss or damage, except as provided under c. below.

(2) You may make a claim for loss or damage covered by this insurance on an "Actual Cash Value" basis instead of on a Replacement Cost basis. In the event you elect to have loss or damage settled on an "Actual Cash Value" basis:

   (a) We will then determine the value of Covered Property on an "Actual Cash Value" basis when applying the Coinsurance Condition;

   (b) You may still make a claim on a Replacement Cost basis if you notify us of your intent to do so within 180 days after the date of the loss or damage.

(3) We will not pay on a Replacement Cost basis for any loss or damage:

   (a) Until the lost or damaged property is actually repaired or replaced; and

   (b) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

(4) We will not pay more for loss or damage on a Replacement Cost basis than the least of:

   (a) The Limit of Insurance applicable to the lost or damaged property;

8

      (b)  The cost to replace "on the same premises" the lost or damaged property with other property:

          1) Of comparable material and quality; and

          2) Used for the same purpose; or

      (c)  The amount you actually spend that is necessary to repair or replace the lost or damaged property.

The term "on the same premises" is a limitation on the amount of loss or damage we will pay. It does not require you to replace lost or damaged property at the same site.

(5) The cost of repair or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

Plaintiff's claims are barred in that the Policy provides Replacement Cost coverage and Plaintiff has not repaired or replaced its damaged property. Plaintiff is not entitled to payment until such repairs or replacements are made and then only to the extent the amount actually spent that is necessary to repair or replace the lost or damaged property and only if the repairs or replacements are made as soon as reasonably possible.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Policy's Cause of Loss – Special Form A 127 (04-06), provides that:

**B. EXCLUSIONS**

    2. We will not pay for loss or damage caused by or resulting from any of the following:

        \*\*\*

    d. (1) Wear and tear;

        (2) Rust, or other corrosion, decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself;

        \*\*\*

    (4) Settling, cracking, shrinking, or expansion;

        \*\*\*

But if an excluded cause of loss that is listed in 2. d. (1) through (7) results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

To the extent that Plaintiff's alleged loss or damages resulted from any of the foregoing causes, coverage is excluded under the express terms of the Policy.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Policy's Cause of Loss – Special Form A 127 (04-06), provides that:

> **B. EXCLUSIONS**
>
> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
> \*\*\*
>
> f. Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture, or vapor that occurs over a period of 14 days or more

To the extent that Plaintiff's alleged loss or damages resulted from any of the foregoing causes, coverage is excluded under the express terms of the Policy.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Policy's Cause of Loss – Special Form A 127 (04-06), provides that:

> **B. EXCLUSIONS**
>
> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
> \*\*\*
>
> I. Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

11

To the extent that Plaintiff's alleged loss or damages resulted from any of the foregoing causes, coverage is excluded under the express terms of the Policy.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Policy's Cause of Loss – Special Form A 127 (04-06), provides that:

**B. EXCLUSIONS**

\*\*\*

3. We will not pay for loss or damage caused by or resulting from any of the following 3. a. through 3. c. but if an excluded cause of loss that is listed in 3. a. through 3. c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

   a. Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph 1 above to produce the loss or damage.

   b. Acts or decisions, including the failure to act or decide, of any person, group, organization, or governmental body.

   c. Faulty, inadequate, or defective:

      (1) Planning, zoning, development, surveying, siting;

> (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>
> (3) Materials used in repair, construction, renovation, or remodeling; or
>
> (4) Maintenance;
>
> of part or all of any property on or off the described premises.

To the extent that Plaintiff's alleged loss or damages resulted from any of the foregoing causes, coverage is excluded under the express terms of the Policy.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Policy's Cause of Loss – Special Form A 127 (04-06), provides that:

> **C. LIMITATIONS**
>
> The following limitation apply to all policy forms and endorsements, unless otherwise stated.
>
> 1. We will not pay for loss of or damage to property, as described and limited to this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.
>
> [***]

      c. The interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand, or dust, whether driven by wind or not, unless:

        (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand, or dust enters;

To the extent that Plaintiff's alleged loss or damages resulted from any of the foregoing causes, coverage is excluded under the express terms of the Policy.

## THIRTEENTH DEFENSE

Plaintiff's claims are limited and subject to any applicable limit of insurance or deductible applicable to the alleged loss or damages.

## FOURTEENTH DEFENSE

For an insurer to be found in "bad faith," it is not enough that the insurer's coverage position was deemed to be incorrect by a court. The standard for "bad faith" requires more than negligence. In this instance, Church Mutual's position in the underlying action and pre-suit claim process was supported by diligent investigation and on behalf of Church Mutual by its adjusters and experts. In this case, the loss presented a significant number of different buildings owned by Plaintiff that required an investigation and inspection. That Church Mutual reached a different

determination as to the total value of the loss than Plaintiff is not evidence of bad faith conduct by Church Mutual.

## FIFTEENTH DEFENSE

Church Mutual's position on coverage in the breach of contract claim, claim process, and appraisal process did not constitute bad faith. Church Mutual relied on the Policy's terms, conditions, provisions, and exclusions, as applied by its adjusters and experts, in investigating and destemming the value of the covered loss to Plaintiff's property. Although the Court may determine that its conclusions were incorrect, that cannot be fairly characterized as bad faith on Church Mutual's part.

## SIXTEENTH DEFENSE

Plaintiff has not suffered any damages that are either not part of the underlying claim or recoverable as alleged "bad faith" damages. Plaintiff is not entitled to recover what it has characterized as "increased cost of construction" bad faith damages. Plaintiff is seeking the difference between the original appraisal award, which was valued using an incorrect price list not based on the date of the loss, and the revised appraisal award that is at issue in this case, which was revised to value the award based on the date of the loss as required by the Policy. This

15

difference is not a damage that flows naturally as a consequence of Church Mutual's alleged bad faith conduct.

## SEVENTEENTH DEFENSE

To the extent Plaintiff is seeking punitive damages, it has failed to state a claim. Further, Plaintiff has failed to allege sufficiently willful conduct on the part of Church Mutual or an overall business practice

## EIGHTEENTH DEFENSE

Church Mutual has, at all times, complied with all requirements for insurance companies licensed to issue insurance in the State of Florida.

## NINETEENTH DEFENSE

The actions by Plaintiff during the course of its claim, including invoking appraisal, were the sole cause of any alleged delay referenced by Plaintiff in its Complaint.

## TWENTIETH DEFENSE

Church Mutual's denial of any item of damage submitted by Plaintiff was made in conformity with the Policy and was made in good faith.

## TWENTY-FIRST DEFENSE

To the extent the appraisal award is upheld or is modified and corrected, the appraisal award represents the total amount owed to Plaintiff, and therefore, there are no outstanding damages owed by Church Mutual.

## TWENTY-SECOND DEFENSE

Any dispute regarding valuation and/or the amount due under the Policy's terms and conditions was the result of a reasonable and good faith disagreement among the parties and therefore cannot form the basis of a bad faith claim.

## TWENTY-THIRD DEFENSE

At all times relevant, Church Mutual acted in conformance with the provisions contained in the Policy and acted fairly and honestly towards Plaintiff while investigating the claim.

## TWENTY-FOURTH DEFENSE

Plaintiff's cause of action for violations under Fla. Stat. §624.155 is premature and must fail to the extent that any of such alleged violations were not expressly included in Plaintiff's Civil Remedy Notices.

## TWENTY-FIFTH DEFENSE

All of Plaintiff's claims for damages under the Policy have been properly paid or properly denied, and as such, they cannot be the basis for a bad faith action pursuant to Fla. Stat. §624.155.

## TWENTY-SIXTH DEFENSE

Church Mutual it is entitled to a set-off for the applicable policy deductibles, and all sums paid in connection with this action and Plaintiff's claim for insurance benefits

## TWENTY-SEVENTH DEFENSE

Church Mutual states that it did not have a realistic opportunity to settle Plaintiff's claim under the totality of the circumstances.

## RESERVATION

Church Mutual reserves its right to amend its Affirmative Defenses and does not waive any additional or further Affirmative Defenses as may be revealed by additional information that may be acquired through discovery or otherwise.

WHEREFORE, Defendant, Church Mutual Insurance Company, S.I. demands judgment in its favor, and its attorneys' fees and costs

incurred in the defense of this matter, and such further relief deemed appropriate and just.

Respectfully submitted on this 14th day of September, 2022.

        s/ *Alexander S. Whitlock*
        George W. Hatch, III • FBN 0072028
        george@guildaylaw.com
        Alexander S. Whitlock • FBN 118001
        alex@guildaylaw.com
        Guilday Law, P.A.
        1983 Centre Pointe Blvd., Suite 200
        Tallahassee, FL 32308
        Secondary: sofia@guildaylaw.com
                dana@guildaylaw.com
        (850) 224-7091 (Telephone)
        (850) 222-2593 (Facsimile)
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 14th day of September, 2022, via CM/ECF to:

    J. Nixon Daniel, III
    Terrie L. Didier
    Beggs & Lane, RLLP
    501 Commendencia Street
    P.O. Box 12950
    Pensacola, FL 32591-2950
    jnd@beggslane.com
    tld@beggslane.com

        s/ *Alexander S. Whitlock*
        Attorney