## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**THE BAPTIST COLLEGE OF**
**FLORIDA, INC,**

     *Plaintiff*,

v.                        **Case No.: 5:22cv158-MW/MJF**

**CHURCH MUTUAL INSURANCE**
**COMPANY, SI,**

     *Defendant*.

_____/

## ORDER DENYING MOTION TO MODIFY, CORRECT,
## OR VACATE APPRAISAL

This Court has considered, without hearing, Defendant's motion to modify, correct, and/or vacate the appraisal award, ECF No. 11, Plaintiff's response in opposition, ECF No. 14, Defendant's reply, ECF No. 28, and Defendant's second reply, ECF No. 66. For the reasons provided below, Defendant's motion is **DENIED**.

I

Defendant sold an insurance policy to Plaintiff that provided coverage to commercial property that Plaintiff owns (the "Policy"). ECF No. 11 at 1. Around October 11, 2018, Plaintiff reported an insurance claim to Defendant for damage related to Hurricane Michael. *Id*. Pursuant to the appraisal provision of the Policy, Plaintiff demanded an appraisal of its insured property to assess all hurricane-related

damage. *Id*. at 1–2. An appraisal of the damaged property was conducted, and an appraisal award was granted to Plaintiff (the "Appraisal Award"). *Id*. at 6. The Appraisal Award included a disclaimer indicating that it was "made without any consideration of any deductible amount, prior payments issued to the insured or any other terms, conditions, provisions or exclusions of [the Policy]." ECF No. 11-3 at 1. After Defendant allegedly refused to provide Plaintiff with the full amount granted to it in the Appraisal Award, Plaintiff filed a complaint against Defendant alleging breach of contract and bad faith. ECF No. 1-2.

Defendant now moves for this Court to modify, correct, or vacate the Appraisal Award. ECF No. 11. Defendant argues that the Appraisal Award includes elements that are not covered under the Policy and that those elements should be excluded from it. *Id*. at 12–27; ECF No. 66 (identifying several elements included in the Appraisal Award that Defendant believes are not covered under the Policy). In the alternative, Defendant moves for this Court to vacate the Appraisal Award pursuant to Florida's Arbitration Code, arguing that the appraisers exceeded the scope of their power by granting an Appraisal Award to Plaintiff without considering the terms, conditions, provisions, and exclusions of the Policy. ECF No. 11 at 28–29. Plaintiff argues that Defendant cannot deny coverage for specific elements of the Appraisal Award and that its defenses are limited to either denying coverage as a whole or alleging a violation of one of the Policy's standard policy conditions. ECF No. 14 at 21–33. Furthermore, Plaintiff

argues that this Court cannot modify or vacate the Appraisal Award pursuant to Florida's Arbitration Code because it does not apply to the parties' appraisal proceedings. *Id*. at 13–21.

II

A federal court sitting in diversity applies the substantive law of the forum state, which in this case is Florida. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 76 (1938). Both parties have contrasting views on whether Defendant may challenge coverage for specific elements of the appraisal award and the defenses that Defendant is permitted to raise under Florida law. Plaintiff contends that this Court is bound by the Eleventh Circuit's decision in *Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co*., 362 F.3d 1317 (11th Cir. 2004), arguing that because an appraisal has been conducted, Defendant's only available defenses are to (i) deny Plaintiff's entire claim as a whole or (ii) claim a violation of one of the Policy's standard policy conditions. In other words, Plaintiff argues that, under Florida law, the appraisal award represents the final determination of what Defendant owes Plaintiff under the Policy and that Defendant cannot deny coverage over specific elements of the appraisal award.

Defendant argues that this Court can either modify or vacate the Appraisal Award and that Defendant may challenge coverage for specific elements of the Appraisal Award. Defendant contends that the present case is distinguishable from *Three Palms Pointe* because of the disclaimer in the Appraisal Award noting that it

3

was made without consideration of the Policy. Defendant asks this Court to apply the same reasoning as the Southern District of Florida in *Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 05-14362-CIV, 2009 WL 790120 (S.D. Fla. Mar. 24, 2009), where the court found that an insurer could challenge coverage for specific elements of an appraisal award that included a disclaimer similar to the one in the present case.

A

In *Three Palms Pointe*, the Eleventh Circuit addressed the question of whether or not an insurance provider could challenge coverage for specific elements of an appraisal award. 362 F.3d 1317 (11th Cir. 2004). In that case, there was a dispute between Three Palms, a condominium association, and State Farm over the amount owed to Three Palms under the parties' insurance agreement. *Id*. at 1318. An appraisal was conducted, and the appraisers awarded Three Palms with funds to cover the costs associated with relocating residents of its condominium buildings while repairs were being made. *Id*. State Farm refused to pay the cost of relocating the residents, claiming that "such an expense was not covered in the policy it issued" to Three Palms. *Id*. Three Palms sued State Farm to recover the cost of relocating the residents and was successful at the trial court level. *Id*. State Farm appealed, arguing that it was permitted to deny coverage for the relocation costs. *Id*.

In addressing whether State Farm could deny coverage for specific elements of the appraisal award that it claimed were not covered under the parties' insurance

agreement, the Eleventh Circuit looked to the Florida Supreme Court's decision in *State Farm Fire & Casualty Co. v. Licea,* 685 So.2d 1285 (Fla.1996). *Id*. at 1318–1319. "At issue in *Licea* was the validity of an appraisal provision that allowed the insurer to retain its rights to deny [a] claim even after an appraisal award had been made." *Id*. at 1319. "The Florida Supreme Court held that the appraisal clause was valid despite the unilateral nature of the retained rights clause, but only to the extent that the clause allowed the insurer to dispute coverage for the claim as a whole, and not anything less." *Id*. The Eleventh Circuit interpreted the holding of *Licea* broadly to mean that "once an [appraisal] award has been made, the only defenses that remain for the insurer to assert are lack of coverage for the entire claim, or violation of one of the standard policy conditions . . . [such as] fraud, lack of notice, failure to cooperate, etc." *Id*. The Eleventh Circuit concluded that *Licea* "specifically establishes" that "challeng[ing] coverage with respect to *part* of an appraisal award . . . is not permitted" under Florida law. *Id*. Plaintiff argues that this Court should apply the holding of *Three Palms Pointe* to the present case and that Defendant may not challenge coverage for specific elements of the Appraisal Award.

Defendant argues that this Court should instead follow the Southern District of Florida's reasoning in *Sands on the Ocean*. In that case, Sands was a condominium association that purchased an insurance policy from QBE. *Sands on the Ocean Condo. Ass'n, Inc.*, 2009 WL 790120 at *1. Sands sued QBE to enforce the insurance policy

after its condominium buildings suffered hurricane-related damage. *Id*. The *Sands on the Ocean* court compelled an appraisal of the damaged condominium buildings. *Id*. An appraisal award was granted to Sands, which included a disclaimer indicating that the award was "made without any consideration of the deductible amount or prior payments issued to the insured or any terms, conditions, provisions, or exclusions of the [parties' insurance policy]." *Id*. QBE then moved to have the appraisal award reduced by the cost awarded to Sands to replace the condominium buildings' fire alarm systems, arguing that such an expense was not covered under the parties' insurance policy. *Id*. Sands opposed reducing the appraisal award and, citing to *Third Palms Point*, argued that QBE's only available defenses are to either deny coverage for Sands' entire claim or to allege a violation of one a standard policy condition. *Id*. at *2.

The *Sands on the Ocean* court held in favor of QBE. *Id*. at *3. In declining to apply the holding of *Three Palms Pointe*, the court noted that *Three Palms Pointe* is "of limited use based on the disclaimer included in the appraisal award." *Id*. Because of the disclaimer language, the court reasoned that "*Three Palms* [*Pointe*] does not speak to this particular type of appraisal award" and that the award itself "does not reflect the amount owed to [Sands] under the policy." *Id*. at *2. The court also cited to *Liberty Am. Ins. Co. v. Kennedy*, 890 So. 2d 539, 541 (Fla. 2d DCA 2005), a case from one of Florida's intermediate appellate courts holding that the *Three Palms Pointe* court misinterpreted the holding of *Licea* and that under Florida law "the submission

6

of [a] claim to appraisal does not foreclose . . . challenging an element of loss as not being covered under the policy." *Id*. (citing *Kennedy*, 890 So.2d at 541–542). "Given the holding of *Kennedy*, in conjunction with the language in [Sands'] appraisal award," the *Sands on the Beach* court held that QBE was "entitled to challenge coverage as to portions of the appraisal award." *Id*. at *3. Like the court in *Sands on the Beach*, Defendant argues that this Court should allow it to challenge coverage for specific elements of the Appraisal Award as well.

B

At the outset, this Court notes that it is bound by the Eleventh Circuit's decision in *Three Palms Pointe*. *See Barnhill v. Inch*, No. 4:18cv564-MW/MAF, 2020 WL 6048744, *1 (N.D. Fla. Oct. 13, 2020) (noting that this Court has a duty to apply binding precedent established by published opinions of the Eleventh Circuit). When confronted with facts similar to those in the present case, the Eleventh Circuit unequivocally held that once an appraisal award has been granted an insurer may not challenge coverage for specific elements of the appraisal award. *Three Palms Pointe, Inc.*, 362 F.3d at *1319. Therefore, Defendant may not move for the Appraisal Award to be modified to exclude specific elements that Defendant believes are not covered under the Policy.

This Court understands that a significant number of Florida's intermediate appellate courts have determined that the Eleventh Circuit misinterpreted the holding

7

of *Licea* in *Three Palms Pointe*. *See Kennedy*, 890 So.2d at 541–542 (holding that "the court in *Three Palms Pointe, Inc.* misinterpreted the holding of *Licea*" and that "*Licea* made clear that the submission of a claim to appraisal does not foreclose an insurer's subsequent challenge on an issue of coverage"); *SafePoint Ins. Co. v. Hallet*, 322 So. 3d 204, 208 (Fla. 5th DCA 2021) (citing *Kennedy* and holding that "[e]ven agreed-on appraisal value does not foreclose an insurer's ability to challenge coverage, in whole or in part"); *Williams v. Citizen Prop. Ins. Co.*, 285 So. 3d 334, 335 (Fla. 4th DCA 2019) (per curiam opinion citing to *Kennedy* and holding that "[a]n insurer . . . can invoke appraisal and still retain a coverage defense"). This Court also understands that there are a significant number of cases where Florida courts have held that "questions of coverage are outside the scope of . . . appraisal proceedings" and that "[a] challenge of coverage is exclusively a judicial question." *Licea*, 685 So.2d at 1287. In the absence of binding Eleventh Circuit authority and writing on a blank slate, this Court would admittedly reach a different outcome on Defendant's motion and allow Defendant to challenge coverage for specific elements of the appraisal award. However, absent an intervening decision from the Florida Supreme Court or the Eleventh Circuit, this Court is bound to follow the Eleventh Circuit's interpretation of *Licea*. *See Muckenfuss v. Hanover Ins. Co.*, No. 505-CV-261-OC-10GRJ, 2007 WL 1174098, at *1 (M.D. Fla. Apr. 18, 2007) (applying the Eleventh Circuit's holding in *Three Palms Pointe*, despite contrary decisions from Florida's intermediate appellate courts, and holding that an

8

insurance company could not challenge coverage for specific elements of an appraisal award under Florida law).

Furthermore, this Court does not find the reasoning of *Sands on the Ocean* persuasive. The *Sands on the Ocean* court declined to apply the holding of *Three Palms Point* because (i) it determined the case before it was distinguishable because of the disclaimer language indicating that the appraisal award was granted without considering the relevant insurance policy and (ii) it agreed with the holding of *Kennedy* and its conclusion that the *Three Palms Pointe* court misinterpreted the holding of *Licea. Sands on the Ocean Condo. Ass'n, Inc.*, 2009 WL 790120 at *3. This Court understands the *Sands on the Ocean* court's determination that the Eleventh Circuit misinterpreted *Licea* and its desire to distinguish *Three Palms Pointe* from the case before it. As this Court noted above, if this Court were writing on a blank slate, it would likely reach the same conclusion and allow Defendant to challenge coverage for specific elements of the appraisal award. However, this Court is not writing on a blank state, and thus must decline to follow the reasoning of *Sands on the Ocean* for two different reasons.

First, this Court does not believe that the presence of the disclaimer makes *Sands on the Ocean*, or the present case for that matter, distinguishable from *Three Palms Pointe*. This is because the appraisal award in *Three Palms Pointe* also included a disclaimer with similar language, which indicated that "[t]his award . . . does not

consider issues of coverage under the policy." *See Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, No. 8:02-CV-01169-JSM, ECF No. 31 at 60 (appraisal award form indicating that the award does not consider issues of coverage under the parties' insurance policy). Therefore, it cannot be said that *Three Palms Pointe* "does not speak to this particular type of appraisal award," as the *Sands on the Ocean* court concluded, when the appraisal award before the *Three Palms Pointe* court included such a disclaimer. *Sands on the Ocean Condo. Ass'n, Inc.*, 2009 WL 790120 at *2. Second, this Court cannot decline to apply *Three Palms Point* because Florida's intermediate appellate courts and other federal district courts disagree with its holding. As described previously, absent an intervening case from the Florida Supreme Court or the Eleventh Circuit, this Court is bound by the Eleventh Circuit's interpretation of *Licea*. This Court is not free to pick and choose which binding precedent it applies.

## III

Defendant also argues that Florida's Arbitration Code permits this Court to modify or vacate the appraisal award because (i) there is evidence of a miscalculation with the Appraisal Award and (ii) the appraisers exceeded the scope of their authority by considering elements not covered under the Policy in the appraisal process. ECF No. 11 at 12–13, 28–30. However, Florida's Arbitration Code is not applicable to the parties' appraisal proceedings, as the Florida Supreme Court has held that appraisal provisions of insurance contracts should not be construed as agreements to submit to

arbitration proceedings under Florida's Arbitration Code. *Allstate Ins. Co. v. Suarez*, 833 So. 2d 762, 765 (Fla. 2002) ("Once a trial court has determined that the appraisal provisions of a contract of insurance have been properly invoked, further proceedings should be conducted in accord with those provisions, rather than by a wholly different proceedings contemplated by an agreement to arbitrate."); *see Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc*., 67 So. 3d 187, 190 n.3 (Fla. 2011) ("Although appraisal provisions in insurance policies have often been treated as arbitration provisions . . . we held in *Allstate Insurance Co. v. Suarez* . . . that an appraisal provision in an insurance contract is not an agreement to submit to formal arbitration proceedings under the Florida Arbitration Code."); *Jossfolk v. United Prop. & Cas. Ins. Co.*, 110 So. 3d 110, 112 (Fla. 4th DCA 2013) (citing *Suarez* and holding that "the formal procedures of [Florida's] Arbitration Code are inapplicable" to the parties' appraisal process); *Citizens Prop. Ins. Corp. v. Cuban-Hebrew Congregation of Miami, Inc.*, 5 So. 3d 709, 712 (Fla. 3d DCA 2009) (citing *Suarez* and holding that "[t]he Florida Supreme Court has held that the Florida Arbitration Code is not applicable to appraisal cases."). Given the Florida Supreme Court's holding in *Suarez*, this Court does not have the authority to modify or vacate the Appraisal Award pursuant to Florida's Arbitration Code.

*     *     *

For the reasons outlined above, Defendant may not challenge coverage for specific elements of the Appraisal Award, and this Court may not modify, correct, or vacate the Appraisal Award pursuant to Florida's Arbitration Code. Accordingly, Defendant's motion to modify, correct, and/or vacate the appraisal award, ECF No. 11, is **DENIED**.

**SO ORDERED on February 14, 2023.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**