**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**THE BAPTIST COLLEGE OF
FLORIDA, INC.,**

          Plaintiff,

v.                             **CASE NO.: 5:22-cv-00158-MW-MJF**

**CHURCH MUTUAL INSURANCE
COMPANY, S.I.,**

          Defendant.

_____/

**PLAINTIFF, THE BAPTIST COLLEGE OF FLORIDA, INC.'S,
SUPPLEMENTAL MEMORANDUM
REGARDING APPLICATION OF DECEMBER 2022 LEGISLATION
TO ATTORNEYS' FEES**

Plaintiff, The Baptist College of Florida, Inc. ("Baptist College"), pursuant

to this Court's March 7, 2023, Order on Cross-Motions for Summary Judgment,

**ECF No. 69**, directing supplemental briefing, submits this supplemental brief

addressing whether the December 2022 amendment to section 627.428, Florida

Statutes, has any impact on Baptist College recovering attorneys' fees in this case.

## INTRODUCTION

Section 627.428, Florida Statutes, was amended in December 2022 to

abolish a homeowner's *substantive* right to attorney fees.  Ch. 2022-271, § 13,

Laws of Florida (Senate Bill No. 2-A).  Nothing in the legislation's amendment to section 627.428 (Ch. 2022-271, § 13, Laws of Florida), specifically, or in Chapter 2022-271, generally, makes the legislation retroactive.

A similar issue was addressed by this Court in its August 31, 2022, Order Denying Motion to Dismiss, **ECF No. 13**, involving 2021 Senate Bill 76, effective July 1, 2021.  *See* Ch. 2021-77, § 12, Laws of Florida.  The 2021 legislation amended section 627.428 adding a sliding scale for recovery of attorneys' fees based on the difference in the amount offered by the insurance company and the amount obtained by the insured.  *See* Ch. 2021-77, § 9, Laws of Florida.  This Court found in agreement with other courts addressing the issue that the 2021 legislation, generally,[1] that it was substantive and could not be applied retroactively.

The same reasoning applies to the 2022 legislation.  The 2022 amendment to section 627.428 removes completely an insured's right to fees after a successful lawsuit.

---

[1] In its motion to dismiss, Church Mutual argued that Baptist College did not comply with the new pre-suit requirements found in newly created section 627.70152(3), Florida Statutes.  ***Id*. at 4 and ECF No. 9.**  Citing *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873 (Fla. 2010); *Dozois v. Hartford Ins. Co. of the Midwest*, No. 3:21cv951-TJC/PDB, 2022 WL 952734 (M.D. Fla. March 30, 2022); and *Rosario v. Scottsdale Ins. Co.*, No. 21-24005-CIV-SCOLA, 2022 WL 196528 (S. D. Fla. Jan. 21, 2022), **ECF No. 13 at 5-8**, this Court found that Baptist College's failure to provide notice under new section 627.70152(3) [which was incorporated into section 627.428] did not bar its claim, ***Id*. at 8.**

## MEMORANDUM OF LAW

### I.    FLORIDA STATE SUBSTANTIVE LAW MUST BE APPLIED.

"[F]ederal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965), (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  When a federal court applies substantive state law, it is "bound to decide the case the way it appears the state's highest court would."  *See Risley v. Nissan Motor Corp., USA*, 254 F. 3d 1296, 1299 (11th Cir. 2001).  In this case, as discussed below, the Florida Supreme Court has decided the same issue in other cases—whether a statutory revision can take away substantive rights, particularly attorney's fees.

### II.    ISSUE ADDRESSED.

This Court's March 7, 2023, Order, **ECF No. 69**, asked the parties to address whether the December 2022 amendment to section 627.428, Florida Statutes, has any impact on Plaintiff recovering attorney's fees in this case.

### III.    PURPOSE BEHIND SECTION 627.428.

Insurance companies for years have lobbied the Florida Legislature to change prior legislative history and Florida case law that attempted to level the playing field between insurers and insureds by providing for one-way attorney fees in insurance litigation.  Until the December 22 legislation, "[s]ome version of

3

[section 627.428] has been the law in Florida since at least 1893."  SB 2-A, Bill

Analysis and Fiscal Impact Statement (Comm. on Banking and Ins.), p. 17 (Dec. 9,

2022, rev. 12/12/2022) (citing *Tillis v. Liverpool & London & Globe Ins. Co.*, 35

So. 171 (Fla. 1903) (rejecting insurance company argument that the 1893 law

providing that an insured may recover attorney fees in actions against an insurance

company to enforce a policy violates due process and equal protection)).

> The Florida Supreme Court has consistently explained:

> If a dispute arises between an insurer and an insured, and judgment is entered in favor of the insured, he or she is entitled to attorney's fees. It is the incorrect denial of benefits, not the presence of some sinister concept of "wrongfulness," that generates the basic entitlement to the fees if such denial is incorrect.  ***It is clear to us that the purpose of this provision is to level the playing field so that the economic power of insurance companies is not so overwhelming that injustice may be encouraged because people will not have the necessary means to seek redress in the courts.***

*Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 684 (Fla.  2000) (emphasis added).

*Accord Johnson v. Omega Ins. Co.*, 200 So. 3d 1207, 1209 (Fla. 2016) ("We have

consistently explained that the purpose of this statute is to provide an adequate

means to afford a level process and make an already financially burdened insured

whole again, and to also discourage insurance companies from withholding

benefits on valid claims.").

> Most assuredly, the average policyholder has neither the finances nor the expertise to single-handedly take on an insurance carrier.  Without the funds necessary to compete with an insurance carrier, often a concerned policyholder's only means to take protective action is to

hire that expertise in the form of legal counsel.  Counsel then have the ability and knowledge to hire an independent engineer or other expert to prepare a report that either confirms or denies the policyholder's view of the cause of damages.  For this reason, the Legislature recognized that an insured is not made whole when an insurer simply grants the previously denied benefits without fees. *See id*.  The reality is that once the benefits have been denied and the plaintiff retains counsel to dispute that denial, additional costs that require relief have been incurred.  Section 627.428 takes these additional costs into consideration and levels the scales of justice for policyholders by providing that the insurer pay the attorney's fees resulting from incorrectly denied benefits.  Without this approach, we would leave the insured to foot the bill not only for attorney's fees, but also for experts to overcome the denial, which would render insurance payments insufficient to cover the loss.

*Johnson v. Omega Ins. Co.*, 200 So. 3d at 1215-16.

Trying to resolve the insurance rate problem in Florida, the Legislature has ignored the multifaceted aspects of the problem and it has accepted the insurance lobby's incomplete or inaccurate assessment of the problem.  Through the December 2022 legislation, the Legislature has thrown out the proverbial baby with the bath water.  For polices with an issue date after December 16, 2022, the effective date of the statutory amendment, insureds will no longer be able to compete on a level playing field when seeking to be made whole after years of paying outrageous insurance premiums.

## IV.   THE 2021 LEGISLATION AND THIS COURT'S PRIOR RULING.

Before addressing the December 2022 legislation, it is helpful to discuss the 2021 legislation.  The 2021 legislation created section 627.70152, which imposes

presuit requirements and modified section 627.428, Florida Statutes by changing the fee structure from entitlement based simply on a judgment or decree favorable to the insured to entitlement on a sliding scale based on the difference in the amount obtained by the insured and what was offered presuit by the insurer. *See* Ch. 2021-77, § 9, Laws of Florida; Section 627.428 and Section 627.70152, Fla. Stat. (2021).  Not satisfied with the 2021 amendment, and emboldened by that legislation, the insurance lobby sought to make it impossible for insureds to play on a level playing field with insurance companies, which resulted in the December 2022 legislation.

This Court addressed the 2021 legislation in its August 31, 2022, Order Denying Motion to Dismiss.  **ECF No. 13.**  This Court found in agreement with other courts addressing the 2021 legislation, creating section 627.70152 and amending section 627.428, that the legislation was substantive and could not be applied retroactively.   The same reasoning applies to the December 2022 legislation.   The 2022 amendment to section 627.428 removes completely an insured's right to fees after a successful lawsuit.

## V.    THE DECEMBER 2022 LEGISLATION.

The December 2022 legislation deletes the substantive right to attorney fees for judgments or decrees against insurers in suits arising under residential or

commercial property insurance policies.   Subsections (1) and (4) of section

627.428, Florida Statutes (2022), were amended to read:

> 627.428 Attorney Fees.—
>
> (1)   <u>Except as provided in subsection (4),</u> upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.  ~~In a suit arising under a residential or commercial property insurance policy, the amount of reasonable attorney fees shall be awarded only as provided in s. 57.105 or s. 627.70152, as applicable.~~
>
> (4)   In a suit arising under a residential or commercial property insurance policy, <u>there is no</u> ~~the~~ right to attorney fees under this section ~~may not be transferred to, assigned to, or acquired in any other manner by anyone other than a named or omnibus insured or a named beneficiary~~.

Ch. 2022-271, § 13, Laws of Florida.

On December 16, 2022, Governor Ron DeSantis signed SB 2-A into law

with an effective date of December 16, 2022.  s. 26, ch. 2022-271, Laws of Florida.

## VI.   ESTBLISHED FLORIDA CASE LAW PREVENTS RETROACTIVE APPLICATION OF THE DECEMBER 2022 LEGISLATION.

### A.   Florida law generally regarding retroactive application.

"Florida law recognizes a presumption against the retroactive application of

a statute that affects substantive rights." *Williams v. Foremost Prop. & Cas. Ins.*

*Co.*, 2022 U.S. Dist. LEXIS 139787 at *6, 2022 WL 3139374 (M.D. Fla. Aug. 5, 2022) (*citing Arrow Air, Inc. v. Walsh*, 645 So. 2d 422, 424 (Fla. 1994)).  "To rebut the presumption: (1) the legislation must express a clear intent that it apply retroactively, and (2) the retroactive application must be constitutionally permissible."  *Id*. at *6-7 (*citing Metro Dade Cty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999)).

> The presumption against retroactive application is a well-established rule of statutory construction that is appropriate in the absence of an express statement of legislative intent because a presumption against retroactivity will generally coincide with legislative and public expectations.  Requiring clear intent assures that [the legislature] itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits.  Such a requirement allocates to [the legislature] responsibility for fundamental policy judgments concerning the proper temporal reach of statutes, and has the additional virtue of giving legislators a predictable background rule against which to legislate.

*Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc.*, 67 So. 3d 187, 195 (Fla. 2011).

**B.  The amendment does not clearly express the Legislature's intent that the statute applies retroactively.**

Nowhere in Chapter 2022-271 (SB 2-A), which amended section 627.428, Florida Statutes, is the word "retroactive" mentioned.  *See generally* Ch. 2022-271, Laws of Florida, and s. 13 *specifically*.  In *Devon*, the supreme court noted that (as

is the case with SB 2-A), "the text of the amendment itself is silent as to its forward or backward reach." 67 So. 3d at 196. It noted, too, that the enacting law, as in this case, specifically stated that the amendments were to be effective on a specific date with differing effective dates for various other sections contained in the chapter, "thus indicating careful thought by the Legislature as to when the various amendments would be given effect." *Id*. at 196. "[T]he Legislature's inclusion of an effective date for an amendment is considered to be evidence rebutting intent for retroactive application of a law." *Id*. (*citing State Dep't of Rev. v. Zuckerman-Vernon Corp.*, 196 So. 2d 353, 358 (Fla. 1977)).

Further, "the absence of a statement in the act that the amendments are inapplicable to existing contracts does not constitute clear evidence of retroactive intent." *Id*. The supreme court found no "clearly expressed legislative intent" to apply the new amendment retroactively. *Id*. Likewise, in this case there is no clearly expressed legislative intent that the new statute be applied retroactively.

Thus, there is no obligation to address the second prong. *See, e.g., Devon*, 67 So. 3d at 197 ("Because we have reached this conclusion under prong one of the two-prong test, we need not address whether retroactive application of the amendments would be constitutional."). However, to address any argument to the contrary, Baptist College will show that the second prong is also not satisfied.

### C.   The substantive amendment abolishes a vested right.

"The rule that statutes are not to be construed retrospectively, unless such construction was plainly intended by the Legislature, applies with peculiar force to those statutes the retrospective operation of which would impair or destroy vested rights." *Devon*, 67 So. 3d at 194 (*quoting In re Seven Barrels of Wine*, 83 So. 627, 632 (Fla. 1920)).  Even "if a statute accomplishes a remedial purpose by creating new substantive rights or imposing new legal burdens, the presumption against retroactivity would still apply." *Id*. (*quoting Metropolitan Dade Cnty. v. Chase Fed. Housing Corp.*, 194 So. 2d 494, 500 n.9 (Fla. 1999)).

Retroactive application is impermissible in cases where "vested rights are adversely affected or destroyed or when a new obligation or duty is created or imposed, or an additional disability is established," *Williams*, 2022 U.S. Dist. LEXIS at *7 (*quoting McCord v. Smith*, 43 So. 2d 704, 708-09 (Fla. 1947); *see also Metro Dade Cty.*, 737 So. 2d at 503 ("due process considerations prevent a State from retroactively abolishing vested rights").  Here, the December 2022 Act acknowledges that it is "*deleting* a right to attorney fees for judgments or decrees against insurers in suits arising under residential or commercial property insurance policies." Ch. 2022-271, §13, Laws of Florida, p. 2 (emphasis added).

In *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873 (Fla. 2010), the Florida Supreme Court addressed whether an insurance statute can be applied

retroactively to an insurance policy issued prior to the enactment of the statute. The court found that it could not, explaining that in its analysis it must look at the date the insurance policy was issued and not the date the suit was filed, or the loss occurred, because "the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract."  *Id*. at 876 (*quoting Hassen v. State Farm Mut. Auto. Ins. Co.*, 674 So. 2d 106, 108 (Fla. 1996)).  *See also Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 643 F. Supp. 2d 1356, 1359 n.1 (S.D. Fla. June 15, 2009) ("[T]he statute in effect at the time the contract was formed is the controlling law.").   Here, Church Mutual issued a commercial policy in this case for the policy period covering October 15, 2017, through October 15, 2018.   **ECF No. 1-1 at 2.**   The December 2022 legislation took effect on December 16, 2022.   Ch. 2022-271, § 26, Laws of Florida.  The 2017 version of section 627.428 applies to this case.

*Menendez* addressed the issue of retroactive application of the statutory presuit notice provision found in section 627.736, Florida Statutes.  The court applied the two-pronged test as stated in *Metro Dade*.  35 So. 3d at 878 (*citing Metro. Dade Cnty*, 737 So. 2d at 499).  The court concluded that the Legislature intended for the statutory presuit notice provision to apply retroactively.  35 So. 3d at 877.  But the court went on to explain that "even where the Legislature has expressly stated that a statute will have retroactive application, this Court will

reject such an application if the statute impairs a vested right, creates a new obligation, or imposes a new penalty." *Id*. *See also Devon*, 67 So. 3d at 194 (noting that a procedural or remedial statute generally operates retrospectively, but "if a statute accomplishes a remedial purpose by creating new substantive rights or imposing new legal burdens, the presumption against retroactivity would still apply").

The court's focus then shifted to "whether retroactive application of the statute 'attaches new legal consequences to events completed before its enactment [*i.e.*, entering into an insurance contract].'" *Menendez*, 35 So. 3d at 877 (*quoting Metro. Dade,* 737 So. 2d at 499). To answer the question, the court compared section 627.736 as it existed at the time the insureds' insurance policy was issued with the 2001 amendment. The new statute modified whether the insured could obtain attorneys' fees and if so, the amount that could be obtained (compare § 627.70152(8), Fla. Stat. (2021) with § 627.428, Fla. Stat. (2017 and 2018)). In this case the December 2022 amendment to the statute does not just amend entitlement to attorney's fees found in the applicable 2017 version of the statute (as the 2021 legislation did), it *eliminates* entitlement to fees. Also as in *Menendez*, the new statute affects the insured's ability to retain counsel because there is no longer a right to not just reasonable attorneys' fees, but no right to *any* fees.

The supreme court explained that one of the most problematic provisions of the amended statute in *Menendez* was modification of when an insured was entitled to fees.  35 So. 3d at 878.  The supreme court cited its earlier cases holding that statutes with provisions that impose additional penalties for noncompliance or limitations on the right to recover attorneys' fees do not apply retroactively.  *Id*. (*citing* cases).  The supreme court also cited its earlier cases holding that the statutory right to attorneys' fees is not a procedural right, but rather a substantive right.  *Id*. (*citing* cases including *Moser v. Barron Chase Securities, Inc.*, 783 So. 2d 231 (Fla. 2001) ("The courts have long held that rights to attorney's fees granted by statute are substantive rather than procedural."  (Citation omitted.)).  "In addition, our district courts have concluded that statutes that limit the ability to seek attorneys' fees are substantive in nature."  *Menendez*, 35 So. 3d at 878 (*citing* cases).  "Under the holdings in these cases, the 2001 statutory amendment cannot be applied retroactively because it allows an insurer to avoid an award of attorneys' fees, which constitutes a substantive change to the statute in effect at the time the insureds' insurance policy was issued."  *Menendez*, 35 So. 3d at 879.  The same reasoning applies in this case.

*Williams v. Foremost Prop. & Cas. Ins. Co.*, reviewed *Menendez* at length in its evaluation of section 627.70152, Florida Statutes, and whether it should be applied retroactively.  2022 U.S. Dist. LEXIS 139787, 2022 WL 3139374 (M.D.

Fla. Aug. 5, 2022).  The *Williams* court assumed for purposes of its analysis that

the legislature clearly intended section 627.70152 to apply retroactively.  *Id*. at \*7.

The Middle District found the effects of the statute discussed in *Menendez*

"sufficiently similar to the effects of the provisions of Section 627.70152" to be

instructive.  *Id*. at \*8.  Upon review of the relevant authority, the *Williams* court

was persuaded by the reasoning in *Dozois v. Hartford Ins. Co. of the Midwest*,

2022 WL 9527334 (M.D. Fla. March 30, 2022) that section 627.70152 does not

apply retroactively.  *Accord Broward Design Center, Inc. v. Scottsdale Ins. Co.*,

2022 U.S. Dist. LEXIS 70144, 2022 WL 1125787 (S.D. Fla. April 14, 2022)

(finding section 627.70152 does not apply retroactively).

Courts considering whether § 627.70152 applies to policies issued before

the statute's enactment have "overwhelmingly found" that, because the statute

affects substantive rights, it cannot be applied retroactively.  *Hershenhorn v. Am.*

*Home Assurance Co.*, 2022 U.S. Dist. LEXIS 145606 at \*4-5, 2022 WL 3357583

(M.D. Fla. Aug. 15, 2022) (citing other federal cases)).  *See also Sec. First Ins. Co.*

*v. Peyton*, 2021 WL 8531697, at \*1 (Fla. 2d DCA 2021) (endorsing the

constitutionally impermissible view with respect to § 627.70152, albeit without

any discussion, but with a cite to *Menendez*).

After the decision in *Hershenhorn*, courts have continued to find the statute

not subject to retroactive application.  *See, e.g., Carmel Townhomes Condo. Ass'n*

*v. Rockhill Ins. Co.*, 2022 U.S. Dist. LEXIS 215173, 2022 WL 17324848 (S.D. Fla. Nov. 29, 2022) ("The Florida Supreme Court has held that when evaluating whether a statue applies retroactively, the applicable date is when the policy was issued, not when suit was filed.  [Citation omitted.]  Further, a statute cannot apply retroactively if the statute will affect a party's substantive rights."   [Citation omitted.]").

Because the Policy in this case was issued prior to the December 2022 legislation and that legislation abolishes Baptist College's substantive right to attorney's fees, the legislation cannot be applied retroactively to this case.

/s/ Terrie L. Didier
**J. NIXON DANIEL, III**
Florida Bar No.:  228761
Email: jnd@beggslane.com
**TERRIE L. DIDIER**
Florida Bar No.: 0989975
Email: tld@beggslane.com
**BEGGS & LANE, RLLP**
501 Commendencia Street (32502)
P.O. Box 12950
Pensacola, FL  32591-2950
Telephone: (850) 432-2451
Facsimile: (850) 469-3331

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Plaintiff, The Baptist College of Florida, Inc.'s, Supplemental Memorandum Regarding Application of December 2022 Legislation to Attorneys' Fees* has been furnished to the following via the Florida courts' e-filing portal this 21st day of March, 2023

George W. Hatch, III, Esq.
george@guildaylaw.com
Alexander S. Whitlock, Esq.
alex@guildaylaw.com
Guilday Law, P.A.
1983 Centre Pointe Blvd., Suite 200
Tallahassee, FL  32308
Secondary:   sofia@guildaylaw.com
                    dana@guildaylaw.com

*Attorneys for Defendant*

/s/ Terrie L. Didier
**TERRIE L. DIDIER**
Florida Bar No.: 0989975
**BEGGS & LANE, RLLP**