IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THE BAPTIST COLLEGE OF
FLORIDA, INC.

      Plaintiff,

v.                                     CASE NO.: 5:22-cv-00158-MW-MJF

CHURCH MUTUAL INSURANCE
COMPANY, S.I.

      Defendant.
_____/

## CHURCH MUTUAL INSURANCE COMPANY, S.I.'S BRIEFING ON ATTORNEY'S FEES

Defendant, Church Mutual Insurance Company, S.I., ("Church Mutual"), by and through its undersigned counsel, and pursuant to the Court's Order on Cross-Motions for Summary Judgment (ECF No. 69), hereby submits the following brief as to why Plaintiff The Baptist College of Florida, Inc., is not entitled to recover its attorney's fees based on the recent change to section 627.428, Florida Statutes, and states as follows:

1. This is a first-party Breach of Contract and Bad Faith suit arising from Plaintiff's Hurricane Michael insurance claim with Church Mutual.

2. Plaintiff's Breach of Contract claim (Count I) concerns the parties' dispute regarding the May 24, 2022, Appraisal Award ("Appraisal Award"). ECF No. 26 at 8-9 ¶¶ 36-44.

3. The parties filed Cross-Motions for Summary Judgment concerning the Breach of Contract Claim. ECF Nos. 48, 54, 55, 56, and 61.

4. On March 7, 2023, the Court entered its Order on Cross-Motions for Summary Judgment ("Order"), denied Church Mutual's Cross-Motion for Summary Judgment, and granted summary judgment for Plaintiff with respect to Church Mutual's liability. ECF No. 69 at 21-22.

5. In its Order, the Court also directed the parties to submit supplemental briefings as to whether the December 2022 amendment to section 627.428, Florida Statutes, bars Plaintiff's claim for attorney's fees. ECF No. 69 at 21.

6. On or about December 16, 2022, a new version of the law went into effect that provides that "In a suit arising under a residential or commercial property insurance policy, there is no right to attorney fees under this section." § 627.428(4), Florida Statutes (2022).

7. Regardless of whether section 627.428(4), Florida Statutes (2022), is considered under a retroactive analysis or a proscriptive analysis, the result is the same – Plaintiff's claim for attorney's fees is barred.

8. Previously, section 627.428, Florida Statutes (2017), provided insureds with a basis to recover attorney's fees in any suit arising out of a contract for property insurance in the event a judgment was recovered against their insurer.

9. However, the right to fees under this statute did not vest until a final judgment was entered.

10. Further, the application of section 627.428(4), Florida Statutes (2022), would not impose any new duty, obligation, or penalty.

11. As such, section 627.428(4), Florida Statutes (2022), applies to all final judgments against insurers in lawsuits that arise out of residential or commercial property insurance policies entered after the amendment to the statute, regardless of the date the insurance contract between the insurer and its insured was entered.

12. Therefore, Plaintiff's claim for attorney's fees is barred.

WHEREFORE, Church Mutual Insurance Company, S.I., respectfully requests that this Court find that Plaintiff's claim for attorney's fees is barred by section 627.428(4), Florida Statutes (2022), which repealed the statutory basis for an award of fees to a prevailing insurer in a lawsuit arising out of a property insurance policy, and not award Plaintiff attorney's fees in the Court's final judgment.

## MEMORANDUM OF LAW

"An award of an attorney fee to any litigant is in derogation of the common law, and it is allowed only when provided for by contract or statute." *Rivera v. Deauville Hotel, Employers Serv. Corp.*, 277 So. 2d 265, 266 (Fla. 1973). The Policy issued to Plaintiff went into effect in October 2017. Policy, ECF NO. 53-1 at 6. In this case, the Policy does not provide for an award of attorney's fees to Plaintiff as the prevailing party against Church Mutual in any lawsuit arising out of the Policy. *See gen., Id.*

Plaintiff's only basis for recovery of fees is based on statute. Prior to its amendment in December 2022, section 627.428, Florida Statutes, provided for an award of reasonable attorney's fees "[u]pon rendition of a judgment [...] against an insurer in favor of any named or omnibus

4

insured […] under a policy or contract executed by the insurer." § 627.428, Fla. Stat. (2017)(emphasis supplied).

However, on December 16, 2022, this statute was amended and now provides that "a suit arising under a residential or commercial property insurance policy, there is no right to attorney fees under this section." § 627.428(4), Fla. Stat. (2022). This amendment raises the question of whether Plaintiff's claim for attorney's fees is valid where its Policy was issued before the amendment to the statute occurred but the entry of final judgment in its favor will be made after the statutory basis for the attorney fee claim has been repealed. As discussed below, because Plaintiff did not have a vested right to attorney's fees before section 627.428, Florida Statutes, was amended, its claim for attorney's fees is barred.

## II. Under a Retroactive Analysis, Section 627.428(4), Florida Statutes (2022), Bars Plaintiff's Claims for Fees

Generally, absent clear legislative intent to the contrary, a law affecting substantive rights, liabilities, and duties is presumed to apply prospectively. *Metro. Dade Cnty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999). Therefore, if a statute attaches new legal consequences to events completed before its enactment, courts will not

5

apply the statute to pending cases, absent clear legislative intent favoring retroactive application. *Id*. In this case, section 627.428(4), Florida Statutes (2022), eliminated the right to recover attorney's fees in suits arising under a property insurance policy. The language of the statute itself does not reference whether it is to be applied retroactively.

However, repealing a statute is given retrospective operation where a right or remedy has been created wholly by statute, and in such an event, when the statute is repealed, the right or remedy falls with the statute. *Yaffee v. Int'l Co.*, 80 So. 2d 910, 911–12 (Fla. 1955). *See also Bureau of Crimes Comp., Dept. of Labor & Employment Sec. v. Williams*, 405 So. 2d 747, 748 (Fla. 2d DCA 1981)(The repeal of a statute applies retroactively in all situations where a right or remedy has been created wholly by statute)

In this case, Plaintiff's potential claim for attorney's fees does not exist under common law. Before the enactment of the prior versions of section 627.428, Florida Statutes, Plaintiff, nor any other insured, did not have a claim to recover fees as a prevailing party against their insurer. As such, the right to attorney's fees existed solely as a creature of statute.

Because the basis for Plaintiff's attorney fee claim depended entirely upon section 627.428, Florida Statutes, its repeal is applied retroactively.

## II. Section 627.428(4), Florida Statutes (2022), may be Retroactively Applied

Retroactive application must be constitutionally permissible. Retroactive application is only permissible where it will not impair a vested right, create a new obligation, or impose a new penalty. *Coventry First, LLC v. State, Office of Ins. Regulation*, 30 So. 3d 552, 558 (Fla. 1st DCA 2010)(quoting *McCord v. Smith,* 43 So.2d 704, 708–09 (Fla.1949). In considering a suit arising out of an insurance policy, the Florida Supreme Court reiterated that rule. *Menendez v. Progressive Exp. Ins. Co., Inc.*, 35 So. 3d 873, 877 (Fla. 2010)(citing *State Farm Mut. Auto. Ins. Co. v. Laforet,* 658 So.2d 55, 61 (Fla.1995)).

In *Menendez*, the Florida Supreme Court refused to retroactively apply an amendment to sections 627.736(11)(a), (d), and (e), Florida Statutes (2001), that required 1) an insured to comply with a pre-suit notice requirement before filing suit to recover overdue Personal Injury Protection ("PIP") benefits; 2) mandated that an insurer's payments include interest and penalties; 3) precluded recovery of fees if the insurer tendered additional payments within a safe harbor period; and, 4) tolled

7

the statute of limitations for an additional 15 days. *Menendez,* 35 So. 3d at 878. In considering these changes to the law, the Court found that they substantively altered the obligations and rights of the insurer and insured. *Id.* at 879-880.

This Court considered and applied *Menendez* when it determined that the pre-suit notice requirements in section 627.70152(3), Florida Statutes (2022), could not be applied retroactively to Plaintiff in this case in the Court's Order Denying Church Mutual's Motion to Dismiss. *See* ECF No. 13. In doing so, the Court observed the rule that changes in the law may not be retroactively applied where it " 'impairs a vested right, creates a new obligation, or imposes a new penalty.' " ECF No. 13 at 6. Applying the Court's analysis and application of the rule demonstrates that section 627.428(4), Florida Statutes (2022), bars Plaintiff's claim for attorney's fees.

### a. **Plaintiff does not have a Substantive Vested Right**

The holder of a vested right under a statute is not divested of the right by the repeal of the statute. *Div. of Workers' Comp., Bureau of Crimes Comp. v. Brevda,* 420 So. 2d 887, 891 (Fla. 1st DCA 1982)(citing *Mitchell v. Doggett,* 1 Fla. 356 (1847)). A vested substantive right is one

8

to which there is an immediate right to present enjoyment or a present fixed right of future enjoyment. *Brevda*, 428 So. 2d at 891 (citing *City of Sanford v. McClelland*, 163 So. 513, 514–515 (1935)). However, for a right to be vested, it must be more than an expectation based on the anticipated continuance of an existing law, and instead, it must have become a title, legal or equitable, to the present or future enjoyment of a demand. *Id.* (quoting *Aetna Ins. Co. v. Richardelle,* 528 S.W.2d 280, 284 (Tex.Civ.App.1975)).

Until a final judgment is entered, the right to attorney's fees under prior versions of section 627.428, Florida Statutes, had not vested. For instance, in *Brevda* the Bureau of Crimes Compensation appealed an order awarding attorney's fees to the appellee. *Brevda*, 420 So. 2d at 889-890. The appellee argued that at the time he was injured, section 960.19, Florida Statutes, which provided the statutory basis for his fee claim, was in effect and, therefore, a vested substantive right. *Id.* at 5.

The First District disagreed holding that

> until judgment has been entered properly awarding fees, any right under a fee statute constitutes nothing more than an expectable interest—not a vested right. Therefore, the appellee's rights to fees, being merely remedial or procedural, cannot be deemed to vest upon the

9

> occurrence of the injury or upon filing of the action, but vests only upon a legally proper award pursuant to judgment

*Id.* at 891. Thus, the appellee did not have a vested right to fees, and the repeal of the statute applied retroactively because it occurred prior to the entry of final judgment, and no contractual basis for fees existed.

The *Brevda* decision referenced that the repeal of the statutory basis for fees occurred after the appellee entered into its contract with his counsel. *Id* at 890. However, no significance was placed on this in the First District's analysis. Instead, the key issue was that a statutory right to fees does vest until judgment is entered. *Id.* at 891.

The cases discussed in *Brevda* concerning an award of fees pursuant to Florida's Worker's Compensation laws are not applicable here and do not support Plaintiff's claim for fees. *Id.* at 890. This is because rights under Florida's Worker's Compensation specifically become vested at the time of injury and therefore the law at the time of the injury is controlling. *See Ship Shape v. Taylor*, 397 So. 2d 1199, 1201 (Fla. 1st DCA 1981). That is not an issue here because Plaintiff's rights under section 627.428, Florida Statutes, would not have vested until entry of final judgment, which did not occur before the basis for fees was

10

repealed. Because Plaintiff did not have a vested substantive right to fees under section 627.428, Florida Statutes, the retroactive application of the 2022 amendment is not prohibited.

### b. Section 627.428(4), Florida Statutes (2022), does not Create a New Obligation or Penalty

In its Order Denying Church Mutual's Motion to Dismiss, the Court applied *Menendez* and determined that the retroactive application of section 624.70152(3), Florida Statutes, would have imposed new duties and obligations on the parties. ECF No. 13 at 7. Specifically, the retroactive application of that statute would have imposed an additional obligation to file suit – compliance with the notice requirement - and a new penalty – dismissal of a lawsuit for failure to comply with the notice requirement. *Id*. However, no such issues exist with respect to the repeal of the statutory basis of Plaintiff's attorney fee claim.

The analysis is simple. Does section 627.428(4), Florida Statutes (2022), impose any new obligations or duties upon the parties? The answer is no. As the Court held in its previous Order, retroactively applying the new pre-suit notice requirements of section 624.70152(3), Florida Statutes, would have obligated Plaintiff to take additional actions before it could file a lawsuit. *Id*. The Court also found that the new notice

11

requirement would have provided an additional avenue for an insurer to resolve a claim before the insured could file suit. *Id.*

The Court determined that these were new duties and obligations that precluded the retroactive application of that law. However, no new duties or obligations exist under the amended version of section 627.428. Florida Statute. The parties are not required to now perform any additional action that they would not have previously been required to perform when the Policy went into effect.

Similarly, no penalty is created by the retroactive application of section 627.428(4), Florida Statutes (2022). The pre-suit notice requirement previously considered by the Court in this case required the dismissal of a Plaintiff's lawsuit if the notice requirement was not followed. The Court determined that this was a new penalty that precluded the retroactive application of the statute. ECF No. 13 at 7. However, section 627.428(4), Florida Statutes (2022), does not impose any new penalties. There is not a new action required to be performed for which Plaintiff can be penalized if it does not comply. Instead, the legislature has simply eliminated the statutory basis for an attorney fee claim.

Retroactively applying section 627.428(4), Florida Statutes (2022), does not impose any new duties, obligations, or penalties on the parties. Furthermore, Plaintiff's claim to fees under the previous version of the statute was not a vested substantive right and would not have vested until the entry of a final judgment. Therefore, the change in the law may be applied retroactively and bars Plaintiff's claim for attorney's fees.

### III. Under a Proscriptive Analysis, Plaintiff's Claim for Fees is Barred

In the alternative, should the Court determine that section 627.428(4), Florida Statutes (2022), was not intended or not required to be applied retroactively, Plaintiff's claim for fees is still barred because Plaintiff did not have a vested right to fees before the change in the law occurred. "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment.".... Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Metro. Dade Cnty.*, 737 So. 2d at 499(quoting *Landgraf v. USI Film Prods.,* 511 U.S. at 269-270).

Rights created by statutes are matters of legislative grace, and individuals and entities are on "fair notice" that such a right could be

13

withdrawn by subsequent legislative action. *See R.A.M. of S. Florida, Inc. v. WCI Communities, Inc.*, 869 So. 2d 1210, 1217 (Fla. 2d DCA 2004). As such, there is no "settled expectation" or claim of "reasonable reliance" until the rights under a statute have vested. *See Id.*

As discussed above, a vested right has been defined as 'an immediate, fixed right of present or future enjoyment' and also as 'an immediate right of present enjoyment, or a present, fixed right of future enjoyment.' " *Id.* at 1218 (collecting cases). A vested right is distinguishable from an expectant right as well as a contingent right. *Id.* (citing *Brevda,* 420 So.2d at 891). A right is expectant when it depends on "the continued existence of the present condition of things until the happening of some future event." *Id.* A right is contingent when it may "only come into existence on an event or condition that may not happen or be performed until some other event." *Id.*

For instance, in *R.A.M. of S. Florida, Inc.*, on May 10, 2000, the appellants entered into a contract with appellee to perform, and actually began performing, construction work. *Id* at 1213. A dispute between the parties arose, appellee refused to tender payments, and appellants placed a lien on the appellee's property. *Id.* at 1213-1214. Appellants then

14

sought to enforce the lien. *Id.* at 1214. During litigation, it was revealed that appellants were not licensed contractors resulting in appellee seeking to have the contract between the parties deemed illegal, unenforceable, and the lien discharged. *Id.* The Second District determined that the contract was illegal and unenforceable pursuant to section 489.128, Florida Statutes (2000), and discharged the lien. *Id.*

Appellants challenged the ruling arguing that the version of the statute in effect when the contract was entered into would have allowed them to cure their unlicensed status, which would have rendered the contract enforceable. *Id.* That provision was repealed by the legislature on July 1, 2000. *Id.* Appellants did not attempt to cure their unlicensed status prior to the change in the law. *Id.* Appellants argued that the ability to cure their unlicensed status and make the contract enforceable was a vested right and that the change in the law could not be retroactively applied to them. *Id.* at 1215.

The Second District considered whether the application of the 2000 repeal of the statutory right to cure to the appellants constituted a retroactive application that would "attach new legal consequences to the events completed before its enactment." *Id.* at 1216. The Second District

ultimately concluded it was not because the appellants had not exercised their right to cure under the prior version of the law. *Id.* at 17-18. There was therefore no relevant past event that occurred prior to the amendment that possessed a sufficient degree of connection with the operation of the new law to conclude that the change in the law had a retroactive effect. *Id.* at 1218. The appellants' mere expectation that the ability to cure, a statutorily created right, would continue to exist was not sufficient to create a vested right and the prior ability to cure was cut off with the change in the law. *Id.* at 1218-1219.

The same result is warranted here. As discussed above, a statutory right does not vest until entry of final judgment. *See Brevda*, 420 So. 2d at 891. Prior to entry of final judgment, Plaintiff's right to fees was merely expectant and contingent upon the continued existence of the prior version of section 627.428, Florida Statutes, and a possible entry of summary judgment in its favor.

As was the case in *R.A.M. of S. Florida, Inc.*, Plaintiff's claim to fees was a matter of legislative grace that could be withdrawn by legislative action that occurred after it entered into the insurance contract with Church Mutual. Plaintiff was therefore on fair notice that this expectant

16

and contingent right to fees could be ended by the repeal of the law. Because Plaintiff's right to fees had not vested under the prior version of the law, the December 2022 change in section 627.428, Florida Statutes, bars Plaintiff's claim to attorney's fees.

Considering the foregoing, should the Court determine that section 627.428(4), Florida Statutes (2022), was not intended or not required to be applied retroactively, Plaintiff's claim for fees is still barred because Plaintiff did not have a vested right to attorney's fees under the statute before the change in the law occurred.

### III. Conclusion

Plaintiff's claim for attorney's fee is in derogation of common law and may only exist pursuant to contract or statute. The Policy issued to Plaintiff by Church Mutual does not provide for an award of fees to Plaintiff as the prevailing party in litigation against Church Mutual. Therefore, the only basis for Plaintiff's fee claim was created by and dependent upon the pre-2022 versions of section 627.428, Florida Statutes. Regardless of whether the change is the law in consider retroactive or proscriptive in its application to Plaintiff, the result is the same. Plaintiff's right to fees had not vested and, therefore, was

terminated by the change in the law. As such, the Court should enter an order finding that Plaintiff's claim for attorney's fees is barred by section 627.428(4), Florida Statutes (2022).

## Word Count Certification

The undersigned certifies that this brief contains 3,516 words.

Respectfully submitted on this 21st day of March 2023.

George W. Hatch, III • FBN 0072028
george@guildaylaw.com
Alexander S. Whitlock • FBN 118001
alex@guildaylaw.com
Guilday Law, P.A.
1983 Centre Pointe Blvd., Suite 200
Tallahassee, FL 32308
Secondary: sofia@guildaylaw.com
           dana@guildaylaw.com
(850) 224-7091 (Telephone)
(850) 222-2593 (Facsimile)
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 21st day of March 2023, via CM/ECF to:

J. Nixon Daniel, III
Terrie L. Didier
Beggs & Lane, RLLP

18

501 Commendencia Street
P.O. Box 12950
Pensacola, FL 32591-2950
jnd@beggslane.com
tld@beggslane.com

_____
Attorney