IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**THE BAPTIST COLLEGE OF**
**FLORIDA, INC.,**

      Plaintiff,

v.                                   **CASE NO.: 5:22-cv-00158-MW-MJF**

**CHURCH MUTUAL INSURANCE**
**COMPANY, S.I.,**

      Defendant.
_____/

**PLAINTIFF, THE BAPTIST COLLEGE OF FLORIDA, INC.'S,**
**REPLY TO CHURCH MUTUAL INSURANCE COMPANY, S.I.'S**
**<u>BRIEFING ON ATTORNEYS' FEES</u>**

Plaintiff, The Baptist College of Florida, Inc. ("Baptist College"), pursuant to this Court's March 22, 2023, Order Regarding Reply and Sur-Reply, **ECF No. 77**, submits the following.

## <u>INTRODUCTION</u>

Substantive rights and obligations as to attorney's fees in insurance litigation vest as of the time the underlying cause of action accrues. For breach of contract claims on policies issued after May 17, 2011, pursuant to section 95.11(2)(e) (Ch. 2011-39, s. 1, Laws of Fla.), accrual is the date of the loss rather than the date on which the contract was allegedly breached. Here the right vested in 2018 when the policy was issued; and the 2018 version of section 627.428 applies. Much of Church Mutual's argument confuses the issue of vesting with when entitlement to

or liability for the vested right arises. Case law has made clear that a final judgment is not required for an insurer to be liable for attorney's fees.

**I.      SECTION 627.428, FLA. STAT., IS INCORPORATED INTO ALL POLICIES IN FLORIDA.** [ECF No. 76 at 4-5]

The Florida Supreme Court has explained:

> Because the statute applies in virtually all suits arising under insurance contracts, we agree with the Cincinnati court that the terms of section 627.428 are an implicit part of every insurance policy issued in Florida. When an insured is compelled to sue to enforce an insurance contract because the insurance company has contested a valid claim, the relief sought is both the policy proceeds and attorney's fees pursuant to section 627.428. The language of subsection (3), which provides that "compensation or fees of the attorney shall be included in the judgment or decree rendered in the case[,]" also supports this conclusion. Section 627.428(3), Fla. Stat. (1983).
> Thus, if an insurer loses such a suit but contests the insured's entitlement to attorney's fees, this is still a claim under the policy and within the scope of section 627.428.

*State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832-833 (Fla. 1993). *Accord Synergy Contracting Grp., Inc. v. Fednat Ins. Co.*, 332 So. 3d 62, 65 (Fla. 2d DCA 2021) ("While attorney's fees are generally deemed ancillary to the underlying substantive claim, it is questionable whether this concept applies to claims for fees under §627.428 …. The Florida Supreme Court has held that §627.428 is incorporated into every insurance contract and in that regard also noted that the fee statute provides that the fee award 'shall be included in the judgment or decree rendered in the case.' Accordingly, the Florida Supreme Court held, when

2

an insured is forced to sue to enforce the insurance contract because the insurer has contested a valid claim, 'the relief sought is both the policy proceeds *and* attorneys' fees pursuant to section 627.428.'" *Quoting Astorquiza v. Covington Specialty Ins. Co.*, 2020 WL 6321868 (M.D. Fla. Oct. 28, 2020) (in turn quoting Fla. cases) (emphasis in original).). As discussed in Baptist College's Supplemental Memorandum, it is the statute in effect on the date the policy is issued that is incorporated. **ECF No. 75 at 10-11.**

II. **CHURCH MUTUAL'S "CREATED BY STATUTE" ARGUMENT IS MISPLACED.** [Church Mutual's first Section "II", ECF 76 at 5-6]

The two cases relied upon by Church Mutual, *Yaffee v. Int'l Co.*, 80 So. 2d 910, 911-12 (Fla. 1955) and *Bureau of Crimes Comp., Dept. of Labor & Employment Sec. v. Williams*, 405 So. 2d 747, 748 (Fla. 2d DCA 1981), have no application to the facts here. *Yaffee* involved the repeal of a statutory defense of usury for corporate transactions.

While analyzing the facts and law in *L. Ross, Inc. v. R.W. Roberts Constr. Co., Inc.*, 466 So. 2d 1096, 1097 (5th DCA 1985), *approved* 481 So. 2d 484 (Fla. 1986), the Fifth District recognized in a footnote the usury line of cases such as *Yaffee* on which Church Mutual relies. The *Ross* court referenced *Tel Service Co. v. Gen. Capital Corp.* 227 So. 2d 667 (Fla. 1969). 466 So. 2d at 1098 n.5. The supreme court in *Tel Service Co.* stated, "authority is legion to the effect that an

action predicated on remedies provided by the usury statutes creates no vested substantive right but only an enforceable penalty." 227 So. 2d at 671.

*Ross* itself addressed whether a statutory amendment to section 627.756, which repealed a limitation on the amount of attorney's fees, could be applied retroactively. The Fifth District said no; and the supreme court approved. Section 627.756 extends the application of section 627.428 to certain actions. The Fifth District explained that the right to attorney's fees is substantive, so once they vest, they cannot be taken away by subsequent legislation. *Id*. at 1098. With respect to vesting, the court explained:

> Substantive rights and obligations created by statutes do not vest and accrue as to particular parties until the accrual of a particular cause of action giving rise to the substantive rights and obligations in a particular instance. Substantive rights and obligations as to the receipt and payment of attorney's fees is somewhat particular because, whether those rights and obligations are viewed as a separate cause of action, or as costs taxed in another, underlying, cause of action, they are ordinarily merely incidental to the other, underlying cause of action and, in a sense, the right to receive, as well as the reciprocal obligation to pay, attorney's fees, is merely ancillary to, and an incident of, the accrual of the underlying cause of action concerning which the right to recover attorney's fees is given. Therefore[,] the right to recover attorney's fees ancillary to another particular underlying cause of action always accrues at the time the other, underlying cause of action accrues. ***This means substantive rights and obligations as to attorney's fees in particular types of litigation [*i.e.*, insurance disputes] vest and accrue as of the time the underlying cause of action accrues***.
> It is a facet of constitutional due process that, after they vest, substantive rights cannot be adversely affected by the enactment of legislation.

4

*Id*. at 1098 (emphasis added); *accord Bitterman v. Bitterman*, 714 So. 2d 356, 363 (Fla.1998) (same).

Likewise, *Williams* provides no help to Church Mutual's argument. *Williams* involved application of the Florida Crimes Compensation Act, not an insurance policy or section 627.428. Further, the court noted that Mr. Williams could hardly claim denying him fees was unfair because the record shows that he did not seek a lawyer's help until after the effective date of the disputed statute. *Id*. at 748. "Consequently, by the time he became obligated to pay his attorney, there was no provision in the statutes for attorney's fees. We do not pass on whether Mr. Williams could recover any fees if his attorney had performed services prior to July 1, 1980." *Id*. Here, as seen in the timeline below, because of Church Mutual's failure to properly adjust the claim, Baptist College was forced to hire counsel well before the amendment to section 627.428. Thus, even if *Williams* applied, which it does not, Baptist College would be entitled to fees.

The cause of action in this case is an insurance claim for breach of the insurance policy. As explained by the court in *West Palm Gardens Villas Condo Assn. v. Aspen Specialty Ins. Co.*, 2012 U.S. Dist. LEXIS 104861 (S.D. Fla. June 25, 2012), citing new section 95.11(2)(e) (Ch. 2011-39, s. 1, Laws of Fla.), for policies issued after May 17, 2011, claims for breach of contract against property insurers start accruing on the date of the loss rather than the date on which

the contract was allegedly breached. *Accord N.P.V. Realty Corp. v. Nationwide Mut. Assurance Co.*, 2015 U.S. Dist. LEXIS 71744, 2015 WL 3494127 (M.D. Fla. June 3, 2015) (same); *Siegel v. Tower Hill Signature Ins. Co.*, 225 So. 3d 974, 978 n.3 (Fla. 3d DCA2017) (same); *Donovan v. Fla. Peninsula Ins. Co.*, 147 So. 3d 566, 567 (Fla. 4th DCA 2014) (same). The date of loss in this case and the date on which the right to fees vested was October 10, 2018. Baptist College's right to its attorney's fees vested before the December 2022 legislation took effect.

**III.   THE DECEMBER 2022 LEGISLATION CANNOT BE APPLIED RETROACTIVELY.** [Church Mutual's second "II", ECF No. 76 at 7-8]

Church Mutual admits that "Retroactive application is only permissible where it will not impair a vested right, create a new obligation, or impose a new penalty." **ECF No. 75 at 7.** It has already been established that the new legislation impairs a vested right. *See* section II. above and **ECF No. 75 at 7-15**.

**A.   THE RIGHT TO ATTORNEY'S FEES DOES NOT REQUIRE A "FINAL JUDGMENT."** [Church Mutual's second "II", ECF No. 76 at 8-11; and III., *id.* at 13-16[1]]

Church Mutual confuses vesting of the right to attorney's fees with liability for or entitlement to attorney's fees. The right to attorney's fees pursuant to 627.428 vested when the loss occurred (the cause of action accrued). *See* Sections I and II. above. Under Florida law, the 2018 version of section 627.428 was

---

[1] Note: none of the cases cited by Church Mutual in this section involve insurance policies and application of section 95.11(2)(e) (Ch. 2011-39, s. 1, Laws of Fla.).

6

incorporated into Church Mutual's Policy when it was issued. *See* Section I, above. Church Mutual was not liable for those vested attorney's fees, however, until a judgment or decree was entered, *or the equivalent* occurred. A judgment from this Court was not required to entitle Baptist College to its fees in this case. Rather, Church Mutual's confession of judgment by partial payment after the appraisal award and again after the lawsuit was filed established entitlement.

Courts have recognized instances other than a final judgment that trigger the right to fees. "[W]here an insurer pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or verdict in favor of the insured, thereby entitling the insured to attorney's fees." *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 684-85 (Fla. 2000). *Accord Jerkins v USF&G Specialty Ins. Co.*, 982 So. 2d 15, 17 (Fla. 5th DCA 2008) ("It is neither reasonable nor just that an insurer can avoid liability for statutory attorney's fees by the simple expedient of paying the insurance proceeds to the insured or the beneficiary at some point after suit is filed but before final judgment is entered …" (quoting *Cincinnati Ins. Co. v. Palmer*, 297 So. 2d 996, 99 (Fla. 4th DCA 1974) (internal citations omitted)).

Also, "In Florida, the payment of a settlement claim is the functional equivalent of a confession of judgment or a verdict in favor of the insured."

7

*Wallard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218-19 (Fla 1983)). Likewise, arbitration and appraisal can trigger liability for or entitlement to fees:

> We agree with the First District Court of Appeal and adopt its position. The legislative policy underlying section 627.428 is served by requiring insurers to pay attorney's fees to a prevailing insured or beneficiary, regardless of whether the insurers contest coverage through arbitration or in the trial courts. To hold otherwise would be to allow insurers to avoid paying attorney's fees in contested coverage cases merely by choosing arbitration. ***

*Fewox v. McMerit Const. Co.*, 556 So. 2d 419, 423-424 (Fla. 2d DCA 1989) (*en banc*). "[A] voluntary payment of the arbitration award by the surety insurer is the equivalent of 'the rendition of a judgment or decree,' under section 627.428(1)." *Id.* at 424.

Here, Church Mutual voluntarily paid a small portion of the Appraisal Award but disputed the remainder of the award. **ECF No. 14-1 at 2, ⁋ 14.** Church Mutual's failure to pay the award forced Baptist College to file a lawsuit. After the lawsuit was filed, Church Mutual paid an additional portion of the Appraisal Award. Both payments operate as a confession of judgment.

The timeline of events in this case establishes that the claim against Church Mutual has been protracted and litigation necessary to obtain Policy benefits. Prior to appraisal, Church Mutual paid only $1,954,196.03 in damages, **ECF No. 14-1 at 2, ⁋ 14**, and refused to pay more. Even after the appraisal, Church Mutual continues to dispute the claim:

8

| | |
|---|---|
| October 10, 2018 | Date of loss and vesting of attorney's fees. |
| February 10, 2020 | Executed Attorney Retainer Agreement. **Exhibit A at ¶ 6** (Declaration of Terrie Didier). |
| March 18, 2021 | Church Mutual informs Baptist College it would not pay more and that it would demand appraisal if Church Mutual's damages determination was not accepted. **ECF 14-1 at 2, ¶ 11.** |
| May 28, 2021 | Safe Harbor period ends on the 3/29/2021, CRN with no payment from Church Mutual. **ECF No. 14-1 at 2, ¶ 13 and No. 26-2 at 1.** |
| June 1, 2021 | After Church Mutual fails to pay pursuant to POL and CRN, yet does not demand appraisal, as it said it would, Baptist College demands appraisal. **ECF No. 26 at 4, ¶¶ 16-17, 19, and 21; No. 32 at 2, ¶ 16, and at 3, ¶ 21.** |
| April 15, 2022 | Initial Appraisal award for $16,510,599.82 ACV (based on 2022 prices). **ECF 26-4.** |
| May 15, 2022 | Church Mutual pays $1,133,020.11 in response to the Initial Appraisal Award. **ECF No. 26 at 6, ¶ 28; No. 32 at 3, ¶ 28.** |
| May 24, 2022 | Final Appraisal Award for $12,945,907.61 (ACV) (based on 2018 prices). **ECF No. 11-6.** |
| July 14, 2022 | Complaint filed, including request for attorney's fees. **ECF No. 7-2.** |
| February 15, 2023 | Letter from Church Mutual saying it will pay an additional $1,908,782.12. **Exhibit A at ¶ 14 and A-1.** |

There can be no question that Baptist College did not race to the courthouse simply to secure attorney's fees. Rather, the lawsuit served and is serving a legitimate purpose. *See Maloy v. Scottsdale Ins. Co.*, 376 F. Supp. 3d 1249, 1254

(M.D. Fla. 2019) ("[W]hether suit is filed before or after the invocation of the appraisal process is not determinative of the insured's right to fees; rather, the right to fees turns upon whether the filing of the suit served a legitimate purpose." (quoting *Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1081-82 (Fla. 4th DCA 2009) (collecting cases))). As of the date of filing this brief, Church Mutual has paid only $5,141,212.95 of the $12,945,907.61 Final Appraisal Award.

**B. APPLICATION OF SECTION 627.428(4), FLA. STAT. (2022), IMPOSES A PENALTY; BUT SIMPLY TAKING AWAY THE VESTED RIGHT TO ATTORNEY'S FEES PROHIBITS RETROACTIVE APPLICATION.** [Church Mutual's second "II", ECF No. 76 at 11-13]

It is irrelevant whether the December 2022 legislation creates a new obligation or imposes a penalty, which is does, because as discussed above, it also takes away a vested right. *See Williams v. Foremost Prop. & Cas. Ins. Co.*, 2022 U.S. Dist. LEXIS 139787 at *7 (M.D. Fla. Aug. 5, 2022) (retroactivity applies where "vested rights are adversely affected or destroyed *or* when a new obligation or duty is created or imposed, *or* an additional disability is established").

WHEREFORE, Baptist College respectfully requests that this Court find that Baptist College is entitled to attorney's fees pursuant to section 647.428, Florida Statutes (2018).

Respectfully submitted this 27th day of March 2023.

                                                            */s/ Terrie L. Didier*

**J. NIXON DANIEL, III**
Florida Bar No.: 228761
Email: jnd@beggslane.com
**TERRIE L. DIDIER**
Florida Bar No.: 0989975
Email: tld@beggslane.com
**BEGGS & LANE, RLLP**
501 Commendencia Street (32502)
P.O. Box 12950
Pensacola, FL  32591-2950
Telephone: (850) 432-2451
Facsimile: (850) 469-3331

*Attorneys for Plaintiff*

## CERTIFICATION

The undersigned certifies that this brief is no more than ten pages, as determined pursuant to Rule 7.1(F), and it is being filed no later than 5 PM on Monday, March 27, 2023, and, thus, complies with this Court's March 22, 2023, Order.

*/s/ Terrie L. Didier*
**TERRIE L. DIDIER**
Florida Bar No.: 0989975

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Plaintiff, The Baptist College of Florida, Inc.'s, Reply to Church Mutual Insurance Company, S.I.'s Briefing on Attorneys' Fees* has been furnished to the following via the Florida courts' e-filing portal this 27th day of March, 2023

11

George W. Hatch, III, Esq.
george@guildaylaw.com
Alexander S. Whitlock, Esq.
alex@guildaylaw.com
Guilday Law, P.A.
1983 Centre Pointe Blvd., Suite 200
Tallahassee, FL  32308
Secondary:  sofia@guildaylaw.com
dana@guildaylaw.com

*Attorneys for Defendant*

/s/ *Terrie L. Didier*
**TERRIE L. DIDIER**
Florida Bar No.: 0989975
**BEGGS & LANE, RLLP**